Filing # 200305006 E-Filed 06/11/2024 02:26:05 PM

# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

WORLDWIDE AIRCRAFT SERVICES, INC.,
d/b/a JET ICU, a Florida corporation,

Case No.:
Division:

Plaintiff,

vs.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, a corporation, a/k/a CIGNA

Defendant.
_____/

## FIRST AMENDED COMPLAINT FOR (1) THEFT of SERVICES, and (2) QUANTUM MERUIT

### General Facts and Background

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complain against defendant CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA as follows:

1.  Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2.  JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical

Page 1 of 7

personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. Additionally, JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees.

3. Defendant CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA (hereafter "CIGNA", "the HEALTH PLAN," or "the PLAN") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members. PLAN is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. PLAN is registered with the Florida Secretary of State as Connecticut General Life Insurance Company with the Florida EIN #06-0303370. JET ICU's principal place of business is in Hillsborough County, State of Florida. Venue is, accordingly, proper in this judicial circuit.

4. As of June 10, 2022, PLAN'S member/insured/beneficiary with initials J.K. (hereafter "Patient" or "J.K.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

5. On or about June 10, 2022, J.K. was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of C.H., the plan participant and patient.

6. As a result of Patient's condition, Patient required, at the request of their then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment.

7. In accord with industry standards and good professional practice, J.K. was transported in multiple stages. First, the patient was transported via ALS ground ambulance from the discharging facility in St. Thomas, to the awaiting jet aircraft. Patient was then flown back to the U.S. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to St. Joseph's Hospital for emergency treatment. The instant Complaint concerns JET ICU's claim for the ground and air ambulance portions of the trip, with the amount billed for this claim at $418,511.00.

8. HEALTH PLAN paid a small, partial payment for the ground ambulance portions of the claim in the amount of $2,003.44 and the PLAN made NO payment for the air ambulance portion of the claim.

9. Plaintiff is informed and believe and based thereon allege that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract.

10. At the time services were provided, JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

11. Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's

provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

12. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form (Form 1500) and other documents necessary to process JET ICU's request for payment from defendants and/or their agent(s). The amount billed represented JET ICU's own usual and customary rate.

13. Defendants and/or their agent(s) failed to pay JET ICU's charges for the transport of the Patient by ALS ground ambulance and air ambulance.

14. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)

15. JET ICU incorporates herein by this reference as though fully set forth herein.

16. Thirty days ago or more, Plaintiff sent written pre-suit notice to Defendant HEALTH PLAN, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference. Defendant did not accept Plaintiff's demand in whole or in part.

17. As alleged herein, JET ICU rendered ground and air ambulance services to Patient for transport, and Patient was insured at time of services by PLAN.

18. PLAN had a duty under contract and law to provide, arrange for, and/or cover and insure Patient for emergency services including ground ambulance and air ambulance services. PLAN knew, or reasonably should have known, that JET ICU was rendering services to Patient, which PLAN was obligated to cover or insure.

19. Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN denied payment to Plaintiff for the air ambulance and made only a partial payment for the ground ambulance. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured, Patient, to PLAN's benefit.

20. PLAN failed to pay JET ICU the reasonable value of its services rendered to Patient.

21. In failing to pay JET ICU for services rendered to Plaintiff, PLAN acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for them. PLAN's intent to steal the value of Plaintiff's ground ambulance services is demonstrated by, *inter alia*, the fact that PLAN otherwise reimbursed JET ICU only a small, partial amount for the ground ambulance services, but refused to reimburse Plaintiff at all for the air ambulance transport.

22. Plaintiff's charges for the reasonable value of its services in providing ground and air ambulance is $418,511.00. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided.

23. Wherefore, JET ICU prays for damages for the amount of its services rendered to PLAN, in an amount to be proved at trial.

24. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

## COUNT TWO
## (QUANTUM MERUIT)

25. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

26. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

27. PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground ambulance and air ambulance services.

28. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

29. PLAN was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

30. JET ICU did, in fact, render emergency ground ambulance transport services to Patient. JET ICU billed PLAN the amount of $418,511.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are reasonable, customary, and fair market value for the services provided.

31. PLAN is obligated to provide Patient emergency care coverage including but not limited to ground ambulance and air ambulance services. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

32. PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

33. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

WHEREFORE, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;

2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;

3. For damages, to the extent permitted by state or federal law at time of trial;

4. For treble damages on COUNT ONE only, to the extent permitted by state law at time of trial.

5. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;

6. For other such relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA, *Chief Financial Officer*, 200 E. Gaines St., Tallahassee, FL 32399-0000, on June 11, 2024.

Michael Brannigan
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd., Ste 650,
Tampa, FL 33607
Brannigan35@yahoo.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*



# The Law Office of Michael Brannigan P.A.
1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

February 28th, 2024

Cigna Appeals Processing
Senior Representative
Cigna Global Health Benefits
Attn: Legal Department
Fax Number: 877-815-4827

Cigna Appeals Unit
Attn: Legal Department
P.O. Box 188011
Chattanooga, TN 37422-8011

### Re: Theft of Services – Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages

To Whom It May Concern:

On June 10th, 2022, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured ▇▇▇▇▇. This was for emergency air and ground ambulance transportation as set forth in Cigna's claim number ▇▇▇▇▇

The transport of the patient consisted of three stages with the first being the transport of the patient via ALS ground ambulance, from the discharging facility to the awaiting jet aircraft. Next, the patient was flown back to the U.S. Finally, upon arrival in Tampa, Florida, the patient was transported once again via ALS ground ambulance for emergency admission into the St. Joseph's Hospital, for the necessary higher level of care and treatment.

Under contract, state and/or federal law, as the patient's health plan, Cigna was obligated to cover and/or provide or arrange for the patient's emergency care services including ambulance and air ambulance services. Jet ICU provided those critical and necessary services to your insured in the patient's time of need, with Cigna's actual and/or constructive knowledge, to your benefit. This is demonstrated by Cigna's small, partial payment of the ground ambulance portions of the transport. To date, there has been NO payment on the air ambulance portion of the claim. Cigna has retained the value of Jet ICU's ground and air ambulance services without reimbursing Jet ICU for the reasonable and customary rates for the value of its services.

Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services, totaling $418,511.00. The air ambulance portion of the claim in the amount of $401,379.00 remains unpaid. A small, partial payment in the amount of $2,003.44 was paid on the ground portions of the claim, leaving a balance due and owing for grounds in the amount of $15,128.56. The unpaid air and ground ambulance portions of the claim brings the total due and owing to my Client in the amount of $416,507.56.

The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. Cigna accepted the benefit of Jet ICU's services to your insured, without any intention to adequately reimburse Jet ICU for its work. Simply put, Cigna stole services from Jet ICU.

**Pursuant to §772.11(1), demand is hereby made for the sum of $1,249,522.68 (the value of services multiplied by statutory treble damages).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan
Florida Bar No.: 0075256
Attorney for Jet ICU
MichaelBrannigan@JetICU.com