UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 8:24-cv-01604-WFJ-CPT

WORLDWIDE AIRCRAFT SERVICES INC.,
d/b/a JET ICU, a Florida corporation,

Plaintiff,

vs.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, a corporation, a/k/a CIGNA,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Connecticut General Life Insurance Company a/k/a Cigna ("Cigna"), by and through its undersigned counsel, hereby moves to dismiss the Amended Complaint filed by Plaintiff, Worldwide Aircraft Services, Inc. d/b/a Jet ICU's ("Jet ICU" or "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof, states as follows:

## INTRODUCTION

This action arises out of ground and air medical transportation services provided by an out-of-network healthcare provider to Cigna's insured, identified



/827506/426#61102011 v1

as J.K. ("Patient") on June 10, 2022. The Patient was allegedly insured by Cigna[1]. Plaintiff submitted claims totaling $418,511.00 for these services. Amended Complaint, ¶7. Plaintiff alleges that Cigna made no payment towards the air ambulance portion of the bills, and paid only $2,003.44 towards the ground ambulance portion. Amended Complaint, ¶8.

Plaintiff asserts a statutory claim for theft of services and a common law claim for quantum meruit against Cigna to recover the amount of its services rendered to Patient. Amended Complaint, ¶23 and 33. Both claims, however, are preempted by the Airline Deregulation Act in 1978. Additionally, Plaintiff's claim suffers from other fundamental defects as the Amended Complaint fails to sustain relief for a the claims of theft of services and quantum meruit.

## STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," a "'showing,' rather than a blanket assertion, of entitlement to relief," and factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

[1] Plaintiff has named to wrong party, as the insurer is Cigna Global Insurance Company Limited.

(2009). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Under Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A formulaic recitation of the elements of a cause of action, labels, and mere legal conclusions will not suffice to state a valid claim for relief. *Twombly*, 550 U.S. at 558.

## ARGUMENT

### I. Plaintiff's Claims Are Preempted Under the Airline Deregulation Act.

Plaintiff's claims for theft of services and quantum meruit, both, have the effect of regulating charges for air carrier services. As such, each respective claim is preempted and must be dismissed pursuant to the Airline Deregulation Act. *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1272 (11th Cir. 2018) (state regulation of air ambulance prices is preempted by the Airline Deregulation Act); and *Reva, Inc. v. Humana Health Benefit Plan of Louisiana, Inc.*, No. 18-20136-CIV, 2018 WL 1701969, at *1 (S.D. Fla. Mar. 19, 2018) (Airline Deregulation Act

preempted air ambulance company's claims for reimbursement of emergent air transport services based on provider's standard charges under state-law theories of unjust enrichment and quantum meruit).

Congress enacted the Airline Deregulation Act ("ADA") in 1978 in furtherance of promoting "efficiency, innovation, and low prices" in the air transportation industry through "maximum reliance on competitive market forces and on actual and potential competition." 49 U.S.C. §§ 40101(a)(6), 12(A); *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 134 S.Ct. 1422, 1428, 188 L.Ed.2d 538 (2014). Congress included a preemption provision into the ADA to "ensure that the States would not undo federal deregulation with regulation of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Pursuant to said preemption provision, a State is not permitted to "enact or enforce a law, regulation, or other provision **having the force and effect of law related to a price**, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (emphasis supplied).

The preemption clause of the ADA provides, in part, that "[A] State . . . may not enact or enforce a law, regulation, standard, or other provision having the force and effect of law relating to price, route, or service of an air carrier . . ." 49 U.S.C. § 41713(b)(1) (1997). Therefore, the preemption of Plaintiff's claims against Cigna

will depend on whether Plaintiff is deemed an "air carrier" and, if so, whether the claims "relate to" Plaintiff's "price, route, or service."

**A. Under the ADA's Preemption Clause, Plaintiff Is An Air Carrier.**

The Eleventh Circuit, amongst other circuits, have found air ambulance carriers to be an air carrier for the purposes of this preemption clause. *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259 (11th Cir. 2018); See *EagleMed, LLC v. Cox*, 868 F.3d 893, 904 (10th Cir. 2017) (observing that "air ambulances are included within the broad language of the Airline Deregulation Act's preemption statute as it is currently written."); See also *Schneberger v. Air Evac EMS, Inc.*, 2017 WL 1026012, at *2 (W.D. Okla. Mar. 15, 2017) (noting that "[c]ourts have all but uniformly held that air ambulance providers are 'air carriers' under the ADA.") Based on the foregoing and through its own admission, Plaintiff is an air carrier. Amended Complaint, ¶7.

**B. Plaintiff's Claims Relates to The Prices of An Air Carrier.**

Under the ADA Each of Plaintiff's claims must "relat[e] to . . . the price . . . of an air carrier." 49 U.S.C. § 41713(b). The Supreme Court has found "relate" to mean "to stand in some relation; to have bearing or concern; to pertain; refer, to bring into association with or connection with'—and the words thus express a broad pre-emptive purpose." *Morales*, 504 U.S. 374, 383 (1992). In light of the Supreme Court's interpretation of the language in the ADA, the Eleventh Circuit

has found preemption to be triggered "[w]henever a state law has 'the forbidden significant effect' on the prices of an air carrier." *Bailey*, 889 F.3d at 1262 (11th Cir. 2018).

Theft of Services

*Bailey*, 889 F.3d at 1262 (11th Cir. 2019) is instructive. In *Bailey*, the plaintiff alleged it received a "substantially lower amount of money" for medical air services provided to the defendant's insured pursuant to Section 641.513. As such it contended that Florida statutory principles dictate the amount of recovery for air medical transportation services. In response, the defendant contended that the plaintiff's claims were preempted under the ADA. The Eleventh Circuit rejected Plaintiff's argument and reasoned that each of the plaintiff's statutory claims irrefutably fails within the purview of the ADA's preemption clause as it had "the force and effect of law related to a price . . . of an air carrier." In turn, the Court held that the state-imposed methodology in determining the price of the air ambulance services provided could not be enforced.

In the instant case, the same is true. As in *Bailey*, Plaintiff is attempting to allow a statutory claim to dictate the amount of reimbursement for air medical services. The Eleventh Circuit has already ruled that state law, such as Fla. Stat. 772.11, is not permitted to determine the methodology of reimbursement for services provided by an air carrier as it is preempted under the ADA.

Accordingly, this Court must dismiss Plaintiff's statutory claim of theft of services.

Quantum Meruit

Preemption applies to common law claims as well. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 607 (7th Cir.2000) (finding state common law claims count as an "other provision having the force and effect of law" for the purposes of the preemption provision of the Airline Deregulation Act.); *Brown v. United Airlines, Inc.*, 720 F.3d 60, 66 (1st Cir. 2013) ("We hold that, to the extent that a state common-law claim relates to a price, route, or service of an air carrier, it is preempted by the [Airline Deregulation Act]"); *Stout v. Med-Trans Corp.*, 313 F. Supp. 3d 1289, 1295 (N.D. Fla. 2018) ("State common-law rules are also preempted [by the Airline Deregulation Act] because they are "provisions having the force and effect of law" similar to state statutes and regulations.").

*Reva, Inc. v. Humana Health Benefit Plan of Louisiana, Inc.*, 2018 WL 1701969 (S.D. Fla. Mar. 19, 2018) is instructive. In *Reva, Inc.* plaintiff provided emergency air ambulance services to the defendant's insured. After receiving what it alleged to be an underpayment of services, the plaintiff brought several common law claims, including quantum meruit, against the defendant. In response to the plaintiff's claims, the defendant contended that the plaintiff's common law claims are all preempted under the ADA as it is related to the price and services of an air

carrier. In light of several Supreme Court precedents that has already decided this issue, the Court found that Plaintiff's claims fail within the purview of determining the price for a service provided by an air carrier. As such, the Court held that the ADA preempted the plaintiff's common law claims.

The same applies to the Plaintiff's quantum meruit claim against Cigna. Just like in *Reva, Inc.*, the Plaintiff's common law quantum meruit claim is subject to the ADA's preemption clause. By pursuing this claim, the Plaintiff is asking the Court to decide if it has been adequately compensated for the services provided to the Patient. However, in doing so, this Court will disrupt the parameters that are set in place under the ADA.

## II. Plaintiff Fails to State A Cause of Action for Theft of Services Under Fla. Stat. 772.11.

Plaintiff fails to allege any substantial facts that supports its claim of Theft of Services under Fla. Stat. 772.11. "In order to establish a claim of civil theft, a plaintiff must demonstrate, by clear and convincing evidence, that the defendant (i) knowingly obtained or used the plaintiff's property (ii) with the intent to, either temporarily or permanently deprive the plaintiff of a right to the property or a benefit therefrom, or alternatively, with the intent to appropriate the property to his own use or to the use of any person not entitled thereto." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1265 (M.D. Fla. 2003), aff'd, 419 F.3d 1208 (11th Cir. 2005); See

also *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-CV-41-FTM-38MRM, 2019 WL 2452776, at *2 (M.D. Fla. June 12, 2019).

It is unequivocally clear that Plaintiff does not have a viable claim for theft of services against Cigna. Plaintiff has not alleged, and cannot allege, that Cigna knowingly obtained or used the Plaintiff's property. In fact, Plaintiff alleges the complete opposite. In the Amended Complaint, Plaintiff consistently emphasizes that it was Patient who received the ground and air ambulance services, not Cigna. Amended Complaint, ¶7, 17, and 26. Not only does Plaintiff fail to allege facts sufficient to establish the initial requirement for a statutory claim of theft of services, but it also underscores Plaintiff's inability to allege the remaining elements for a claim of theft of services.

Accordingly, Plaintiff's claim for theft of services must be dismissed. Due to Plaintiff's failure to state a claim for theft of services, Cigna is entitled to recover reasonable attorneys' fees and costs. *Fla. Stat. 772.11* ("The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.")

## III. Plaintiff Failed to State A Cause of Action For Quantum Meruit.

Plaintiff's claim for quantum meruit should be dismissed because Cigna, as an insurer, neither assented to receive any services from Plaintiff nor directly



/827506/426#61102011 v1

benefited from them. To satisfy the elements of quantum meruit, a plaintiff must show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services that, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it. *Franklin Law Firm, P.A. v. Stacey*, 8:19-CV-1839-T-35AAS, 2020 WL 836273, at *2 (M.D. Fla. Feb. 20, 2020); See also *Remembrance Group, Inc. v. Centazzo*, 2:21-CV-675-JES-MRM, 2022 WL 1406673, at *7 (M.D. Fla. May 4, 2022).

**A. As An Insurer, Cigna Is Not Liable For Quantum Meruit For Services Provided to Patient.**

Cigna, as the insurer, did not assent to nor receive any services from Plaintiff. This Court has already decided the issue of whether an insurer can be held liable, under a quantum meruit claim, for dissatisfaction with reimbursement of bills related to services provided to its insured. *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, No. 6:03-CV-1121-ORL-19, 2004 WL 6225293, at *1 (M.D. Fla. Mar. 8, 2004) is instructive.

In *Adventist Health Sys./Sunbelt Inc.*, the plaintiff brought an action against the defendant for quantum meruit for the alleged underpayment of services provided to the defendant's insureds. The defendant moved to dismiss the plaintiff's complaint due to the plaintiff's failure to allege facts to support a claim of quantum meruit. The defendant asserted that since its insureds, not the

defendant itself as the insurer, received the benefit of the plaintiff's services, the quantum meruit claim should be dismissed. In response, the plaintiff contended that because the defendant had insurance contracts with the insureds and the plaintiff provided treatment to those insureds, the defendant bears responsibility for full payment.

This Court rejected the plaintiff's argument and granted the defendant's motion to dismiss. The court found that the plaintiff failed to show that the parties have "expressed discernible intentions and created either incomplete contracts or something, very similar to a contract," which is the crux of a claim for quantum meruit. The court further noted that simply issuing insurance contracts to the insured and the insured receiving services from the plaintiff does not automatically establish privity of contract between the plaintiff and the defendant.

In the instant case, it is clear that Plaintiff is trying to assert similar, if not the exact same, factual allegations for quantum meruit that has previously been rejected by this Court. Similar to the plaintiff in *Adventist Health Sys./Sunbelt Inc.*, it is apparent that Plaintiff believes that that Cigna is liable, by way of privity of contract under the Patient's plan, for the bills resulting from services provided to Cigna's insured. Amended Complaint, ¶31. However, this Court has already held that no such privity exists.

Accordingly, Plaintiff's claim for quantum meruit must fail.

**CONCLUSION**

Based on the foregoing arguments, Cigna respectfully urges this Court to dismiss Plaintiff's Complaint.

Dated: July 25, 2024

Respectfully submitted,

*/s/ Johneeka M. Simpson*

Johneeka M. Simpson, Esq.
Florida Bar No. 1035312
Shari Gerson, Esq.
Florida Bar No. 17035
**GrayRobinson, P.A.**
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
E-Mail: Shari.gerson@gray-robinson.com
Tel: (954) 761-8111
Fax: (954) 761-8112
*Attorneys for Connecticut General Life Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 25, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Michael Brannigan, The Law Offices of Michael Brannigan P.A. , 1511 N. Westshore Boulevard, Suite 650, Tampa, Florida 33607, Telephone: (352) 796-2540, Fascmile: (352) 796-2549, Email: Brannigan35@yahoo.com; and MichaelBrannigan@JetICU.com; Counsel for Plaintiff.

*/s/ Johneeka M. Simpson*

Johneeka M. Simpson

**Local Rule 3.01(g) Certification**

The undersigned counsel has made extensive efforts to contact Plaintiff's counsel to discuss the grounds for this Motion. A meet and confer was initially scheduled for July 12, 2024, however, Plaintiff's counsel requested additional time to review the claims against Cigna and asked to reschedule. On July 16, 2024, a new meeting was set for both parties' counsel to discuss the basis of this Motion. Unfortunately, Plaintiff's counsel had scheduling conflicts and could not attend. The undersigned sent several emails on July 18, July 19, and July 24, 2024, concerning the basis of this Motion, but to no avail.

*/s/ Johneeka M. Simpson*
Johneeka M. Simpson