UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation,**

*Plaintiff,*

vs.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA**

*Defendant.*
_____/

Case No.:
8:24-cv-01604-WFJ-CPT

Judge: Hon. William F. Jung

## SECOND AMENDED COMPLAINT FOR QUANTUM MERUIT

### General Facts and Background

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complain against defendant CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must

purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. Additionally, JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees.

3. Defendant CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation, a/k/a CIGNA (hereafter "CIGNA", "the HEALTH PLAN," or "the PLAN") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members. PLAN is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. PLAN is registered with the Florida Secretary of State as Connecticut General Life Insurance Company with the Florida EIN #06-0303370. JET ICU's principal place of business is in Hillsborough County, State of Florida. Venue is, accordingly, proper in this judicial circuit.

4. As of June 10, 2022, PLAN'S member/insured/beneficiary with initials J.K. (hereafter "Patient" or "J.K.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

5. On or about June 10, 2022, J.K. was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

6. As a result of Patient's condition, Patient required, at the request of their then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of J.K., the plan participant and patient.

7. In accord with industry standards and good professional practice, J.K. was transported in multiple stages. First, the patient was transported via ALS ground ambulance from the discharging facility in St. Thomas, to the awaiting jet aircraft. Patient was then flown back to the U.S. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claim for the ground and air ambulance portions of the trip, with the amount billed for this claim at $418,511.00.

8. HEALTH PLAN paid a small, partial payment for the ground ambulance portions of the claim in the amount of $2,003.44 and the PLAN made NO payment for the air ambulance portion of the claim.

9. Plaintiff is informed and believe and based thereon allege that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract.

10. At the time services were provided, JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

11. Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

12. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form (Form 1500) and other documents necessary to process

JET ICU's request for payment from defendants and/or their agent(s). The amount billed represented JET ICU's own usual and customary rate.

13. Defendants and/or their agent(s) failed to pay JET ICU's charges for the transport of the Patient by ALS ground ambulance and air ambulance.

14. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
## (QUANTUM MERUIT)

15. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

16. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

17. PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground ambulance and air ambulance services.

18. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

19. PLAN is aware that Jet ICU is regularly rendering services to PLAN's members and expects Jet ICU to render such services and expects to have to reimburse Jet ICU the value of such services.

20. Since at least 2019 Jet ICU has regularly provided emergency air ambulance services to CIGNA members. Jet ICU has provided these services in excess of 50 times and was reimbursed in whole or in part for the vast majority, over 60%, of these claims.

21. As alleged herein, circumstances exist where CIGNA has benefited from Jet ICU's provision of services to CIGNA members by Jet ICU, with CIGNA's expectation that such services will be provided, and CIGNA's expectation that it must reimburse Jet ICU for such services.

22. Based upon the parties' course of conduct as alleged herein, an implied in fact agreement exists between Jet ICU and CIGNA.

23. PLAN was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

24. JET ICU did, in fact, render emergency ground ambulance transport services to Patient. JET ICU billed PLAN the amount of $418,511.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are reasonable, customary, and fair market value for the services provided.

25. PLAN is obligated to provide Patient emergency care coverage including but not limited to ground ambulance and air ambulance services. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

26. PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

27. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;

2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;

3. For damages, to the extent permitted by federal law at time of trial;

4. For attorney's fees and costs to the extent permitted by federal law at time of trial;

5. For other such relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

Respectfully submitted on September 25, 2024

_____
Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd., Ste 650,
Tampa, FL 33607
Michael.Brannigan@jeticu.com
legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Shari Gerson, Esq., (Shari.gerson@gray-robinson.com, Johneeka.simpson@gray-robinson.com,) Gray Robinson, P.A., 401 East Las Olas Blvd, Suite 1000, Ft. Lauderdale, FL 33301, *Attorney for Defendant* on September 25, 2024.

*/s/ Michael Brannigan*

Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Michael.Brannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Attorney for Plaintiff*