UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 8:24-cv-01604-WFJ-CPT

WORLDWIDE AIRCRAFT SERVICES INC.,
d/b/a JET ICU, a Florida corporation,

    Plaintiff,

vs.

CIGNA GLOBAL INSURANCE COMPANY
LIMITED,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Cigna Global Insurance Company Limited ("Cigna Global"), hereby moves to dismiss the Third Amended Complaint [Dkt. 34] filed by Plaintiff, Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU" or "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the preemption provision of the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1).

## INTRODUCTION

The Third Amended Complaint ("SAC") is substantially the same as the Amended Complaint which this Court has previously addressed in its Order

1

granting Defendant's Motion to Dismiss the Amended Complaint. *See* Dkt. 18 ("Dismissal Order").[1] This action arises out of ground and air medical transportation services provided by an out-of-network healthcare provider to a Patient identified as J.K. ("Patient") on June 10, 2022. In the original Complaint, the First Amended Complaint and the Second Amended Complaint, Plaintiff alleged that Patient was insured by Cigna, which Cigna explained in the prior motions to dismiss was incorrect because the insurer of the healthcare plan covering Patient is Cigna Global Insurance Company Limited. *See* Dkt. 13 at n.1, Dkt. 25 at 2. After Defendant *Cigna* filed its motion to dismiss the Second Amended Complaint, Plaintiff then moved to substitute Cigna Global as the named Defendant and was granted leave to file the Third Amended Complaint ("TAC"). Dkts. 26, 31.

The general allegations in all iterations of the complaint have remained nearly identical. Plaintiff submitted claims totaling $418,511.00 for the services rendered to Patient. TAC ¶7. Plaintiff alleges that Cigna Global made no payment towards the air ambulance portion of the bills and paid only $2,003.44 towards the ground ambulance portion. TAC ¶8.

---

[1] At the time of the Order granting dismissal (Dkt. 18), the named defendant was "Connecticut Life Insurance Company a/k/a Cigna". *See* Dkts. 1-1, 13, 25.

2

Pursuant to the Court's holding in the Dismissal Order that Plaintiff's claims in the Amended Complaint were preempted by the ADA *as pled,* Plaintiff now asserts a single claim for quantum meruit, therein attempting to frame the claim as one for breach of implied-in-fact contract. *See* TAC ¶ 22. However, despite the Court's guidance from the Dismissal Order, the TAC fails to state a claim for breach of implied-in-fact contract and continues to be preempted by the ADA.

## MEMORANDUM OF LAW

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining a motion to dismiss, "[t]he plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). While "a plaintiff need not plead 'detailed factual allegations,' … he must demonstrate 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "In other words, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## II.     Failure to Establish an Implied-in-Fact Contract

To show a breach of an implied-in-fact contract under Florida law – which controls Plaintiff's common-law claim in this diversity action – the plaintiff must establish a valid contract, material breach and damages. *See Resnick v. AvMed,Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012); *Beck v. Lazard Feres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). In turn, to establish a valid contract (express or implied), the plaintiff must show there is "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004); *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011).

Under Florida law, a contract implied-in-fact focuses on an enforceable promise inferred from the conduct of the parties. *Gem Broad., Inc. v. Minker*, 763 So. 2d 1149, 1151 (Fla. 4th DCA 2000) ("[T]he enforceability of a contract implied in fact is based on an implied promise, not on whether the defendant has received something of value."). "An implied-in-fact contract … is one 'in fact entered into … but without sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement.'" *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997). "The only distinction between an express and implied-in-fact contract is the manner in which the parties' assent is manifested or proven." *Baron v. Osman*, 39

4

So. 3d 449, 451 (Fla. 5th DCA 2010); *Rabon v. Inn of Lake City, Inc.*, 693 So. 2d 1126, 1131 (Fla. 1st DCA 1997).

To recover on a contract implied-in-fact, a plaintiff must prove that it "provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 48 (Fla. 4th DCA 2021) (internal marks omitted); *see also Franklin Law Firm, P.A. v. Stacey*, 8:19-CV-1839-T-35AAS, 2020 WL 836273, at *2 (M.D. Fla. Feb. 20, 2020); *Remembrance Group, Inc. v. Centazzo*, 2:21-CV-675-JES-MRM, 2022 WL 1406673, at *7 (M.D. Fla. May 4, 2022). Contracts implied-in-fact "rest upon the assent of the parties," *Commerce P'ship*, 695 So. 2d at 385, and require "actual agreement," *Sheppard v. M & R Plumbing, Inc.*, 82 So. 2d 950, 952 n.2 (Fla. 1st DCA 2011). Moreover, "[i]t is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract." *King v. Bray*, 867 So. 2d 1224, 1227 (Fla. 5th DCA 2004) (quoting *Greater N.Y. Corp. v. Cenvill Miami Beach Corp.*, 620 So. 2d 1068, 1070 (Fla. 3d DCA 1993)).

Plaintiff's new allegations following the Dismissal Order aimed at establishing an implied-in-fact contract are contained in paragraphs 19-22 of the TAC (these identical allegations were also raised in the Second Amended

5

Complaint, which was superseded by the TAC). However, these four allegations are merely broad, general statements regarding Jet ICU and its relationship with Cigna in other circumstances. Indeed, these allegations remained identical even though Plaintiff substituted Cigna Global for Connecticut General Life "a/k/a Cigna" in this third iteration of the of the Complaint.  <u>None</u> of the new allegations provide any actual facts pertaining specifically to any promise regarding services rendered to Patient J.K., nor regarding any course of dealing pertaining to the actual healthcare plan under which Patient J.K. was covered.

It is common knowledge that every healthcare plan provides its own coverage terms and benefits, and each specific healthcare plan must be evaluated when a claim for coverage is asserted. *See generally Boca Raton Regional Hospital, Inc. v. Celtic Ins. Co.*, Case No. 19-80650-CIV-Singhal/Reinhart, 2020 WL 9458896, at * 4 (S.D. Fla. Feb. 6, 2020) (citing many cases in slightly different context, explaining that numerous courts have rejected allegations that summarily group several patients/plans into a claim that amounts are due, requiring instead that each plan be distinctly identified) (citations omitted);[2] *see also id.* at *10 ("when alleging that an insurer has not properly paid a claim for benefits, each insurance claim creates a separate cause of action that is tied to a specific patient, and

---

[2] The court further noted that "Although most of the cases have arisen in the context of ERISA (which is not the case here), the same principles apply." *Id.*

identifiable terms of a particular health insurance plan") (citing *Kindred Hosp. East LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:05-cv-995-J-32TEM, 2007 WL 601749, at *4 (M.D. Fla. Feb. 16, 2007)). Plaintiff's general allegations that it has received reimbursement for approximately 60% of other claims submitted for services provided to "CIGNA members" fails to provide any connection between those approximate 30 "members" and their applicable healthcare plans and Patient J.K. and his specific healthcare plan. *See* TAC ¶ 20.

There are no allegations in the TAC that Cigna Global *assented* to Jet ICU providing services to Patient, nor that Cigna Global promised to make payment to Jet ICU. *See Commerce P'ship*, 695 So. 2d at 385 (emphasizing that assent of the parties is essential to establishing an implied-in-fact contract); *F.H. Paschen, S.N. Nielsen*, 311 So. 3d at 48 (plaintiff must show that "defendant <u>assented to</u> and received, a benefit" (emphasis added)). Indeed, since Plaintiff had named "Connecticut General Life Insurance Company a/k/a Cigna" as the named defendant in the original, first amended and second amended complaints, it is logical to presume that the allegations of its course of dealings in paragraphs 19-22 (which were <u>identical</u> in the Second Amended Complaint) pertained to that named defendant rather than Cigna Global Insurance Company Limited, which is the insurer of this particular Patient's healthcare plan.

7

Plaintiff has also failed to allege the existence of consideration, which is required for stating a claim for implied-in-fact contract. In fact, other than the new allegations (paragraphs 19-22) aimed at asserting an implied-in-fact contract, all of the remaining allegations continue to assert an implied-in-law agreement based upon the purported legal obligation of Jet ICU to provide emergency services, and a legal obligation by Cigna to "provide … emergency care coverage" to Patient. *See* TAC ¶¶ 2, 5-7, 16-18, 23-25. It is well-settled that performance of a preexisting legal duty does not constitute consideration necessary to support a valid contract. *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, No. 0:21-cv-62403-WPD, 2023 WL 2168513, at *5 (S.D. Fla. Jan. 18, 2023) (citing *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4th DCA 1995); *Wells Fargo Armored Serv. Corp.*, 366 So. 2d 157, 159 (Fla. 3d DCA 1979); and *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. 1st DCA 2005)); *see also O'Connor v. RMC*, No. 20-13694, 2023 WL 128720 at * 8 (11th Cir. 2023) (citing and quoting: *Slattery*, 366 So. 2d at 159; *Schneir v. State*, 43 So. 3d 135, 137–38 (Fla. Dist. Ct. App. 2010)); *420 Julia Street, L.L.C. v. Meecorp Capital Markets, LLC*, Case No. 3:10-cv-790-J-37JBT, 2011 WL 13295461, at *11 (MD. Fla. Oct. 7, 2011) (citing cases).

Plaintiff has failed to allege facts that plausibly support an inference that an implied-in-fact contract existed between Plaintiff and Cigna Global *in this case* concerning Patient. *See Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, No.

8

6:03-CV-1121-ORL-19, 2004 WL 6225293, at *1 (M.D. Fla. Mar. 8, 2004) (finding plaintiff failed to show that the parties have "expressed discernible intentions and created either incomplete contracts or something, very similar to a contract"); *see generally*, *Simpson*, 744 F.3d passim (addressing throughout the decision that vague, general or conclusory allegations are insufficient to plausibly state a claim, e.g., "the plaintiffs have alleged no facts to render [the conclusion] plausible"). Because Plaintiff has failed and is unable to plead the necessary elements to establish an implied-in-fact contract, the Third Amended Complaint should be dismissed with prejudice.

### III.   Plaintiff's Claim Is Preempted Under the Airline Deregulation Act

The parties previously presented legal arguments regarding preemption by the ADA. *See* Dkts. 13, 14, 16. This Court addressed the arguments and provided a detailed analysis of the preemption issue in the Dismissal Order, therein holding that both counts of the Amended Complaint, *as pled*, were preempted by the ADA. Dkt. 18 at 6-20.[3] The Court's analysis remains applicable to the TAC, and Cigna Global respectfully adopts and incorporates that discussion without repeating it herein.

---

[3] The Court also considered and rejected Plaintiff's argument that the No Surprises Act, 42 U.S.C. § 300gg-112 precluded preemption ADA preemption of Plaintiff's claims. Dk. 18 at 20-24.

9

It is evident that Plaintiff endeavored to follow the Court's guidance by adding the four allegations (paragraphs 19-22) in an attempt to assert an implied-in-fact contract claim. However, the Court's guidance, by quoting from *Worldwide Aircraft Servs., Inc. v. United Healthcare Ins. Co.*, No. 8:18CV2549T24TGW, 2018 WL 6589838, at *2 (M.D. Fla. Dec. 14, 2018), is instructive in showing why Plaintiff is unable to establish a *bona fide* implied-in-fact contract claim that overcomes ADA preemption. Specifically, the Court explained in pertinent part:

> Plaintiff must allege sufficient facts to show that Plaintiff and United entered into a contract as demonstrated by their conduct. This would be consistent with the Eleventh Circuit's interpretation of *Wolens*, in which the *Bailey* court stated: "[A]n air carrier may bring a state action to enforce the terms of a contract, whether express or implied,…so long as the action concerns voluntary commitments and not state-imposed obligations." *Bailey v. Rocky Mountain Holdings*, LLC, 889 F.3d 1259, 1268 (11th Cir. 2018) (citing *Wolens*, 513 U.S. at 232–33).
>
> This means that Plaintiff will have to allege (and later ultimately prove) that based on Plaintiff and United's conduct, they entered into an implied-in-fact contract.

Dkt. 18 at 19.

Plaintiff has failed to allege any "voluntary commitment" by Cigna Global with respect to the services provided by Jet ICU to Patient. *See* Dkt. 18 at 19 (quoting *Bailey*, 889 F.3d at 1268). Likewise, as set forth in Section II above, Plaintiff has failed to allege sufficient facts to state the necessary elements of an implied-in-fact contract under Florida law. Despite Plaintiff's addition of paragraphs 19-22 alleging a general relationship in *other* circumstances, involving *other* patients and

10

*other* healthcare plans, Plaintiff has failed to allege that Jet ICU and Cigna Global entered into "an enforceable promise inferred from the conduct of the parties" where Cigna Global actually "assented to and received, a benefit in the form of … services" provided from Jet ICU. *Gem Broad.*, 763 So. 2d at 1151; *Commerce P'ship*, 695 So. 2d at 385; *F.H. Paschen, S.N. Nielsen*, 311 So. 3d at 48. Indeed, the services were provided to Patient J.K., not to Cigna Global.

Furthermore, the majority of the allegations in the TAC continue to focus on the purported legal obligations of Jet ICU and Cigna Global, thus indicating an implied-in-law contract which the Court already held to be preempted by the ADA. *See* Dkt. 18 at 16; TAC ¶¶ 2, 5-7, 16-18, 23-25; *see also* Dkt. 13 at 7-8. Because Plaintiff has failed to allege sufficient facts to establish an implied-in-fact contract, the quantum meruit claim asserted in the TAC is preempted by the ADA. *See Reva, Inc. v. Humana Health Benefit Plan of Louisiana, Inc.*, No. 18-20136-CIV, 2018 WL 1701969, at *7 (S.D. Fla. Mar. 19, 2018) ("After *Ginsberg*, it is clear the ADA preempts state law claims that seek to establish the price for an air carrier's services other than claims to enforce an express contract to which the air carrier is a party." (citing *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 283, 134 S. Ct. 1422, 1420 (2014)).

## CONCLUSION

Based on the foregoing arguments, Cigna Global respectfully requests the Third Amended Complaint be dismissed with prejudice. This dismissal should be

with prejudice because Plaintiff has had several opportunities to amend the allegations – including after reviewing the arguments presented in sections II and III above presented by Cigna it is motion to dismiss filed on October 23, 2024 (*see* Dkt. 25) – before filing this Third Amended Complaint, thus it is clear that Plaintiff is unable to present allegations sufficient to establish an implied-in-fact contract which is needed to avoid preemption by the ADA.

## Local Rule 3.01(g) Certification

Counsel for Defendant has conferred with Plaintiff's counsel concerning the arguments made in this motion, but the parties were unable to reach agreement and Plaintiff opposes this motion.

Dated:  January 2, 2025        Respectfully submitted,

*/s/ Shari Gerson*
Shari Gerson
Florida Bar No.  17035
Johneeka M. Simpson
Florida Bar No. 1035312
**GrayRobinson, P.A.**
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
E-Mail: Shari.gerson@gray-robinson.com
Tel:  (954) 761-8111
Fax:  (954) 761-8112
*Attorneys for Cigna Global Insurance Company Limited*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 2, 2025, the foregoing document was

filed with the Clerk of the Court using CM/ECF, which will serve Plaintiff's counsel of record, Michael Brannigan: The Law Offices of Michael Brannigan P.A., 1511 N. Westshore Boulevard, Suite 650, Tampa, Florida 33607, via email at: MichaelBrannigan@jeticu.com.

*/s/ Shari Gerson*
Shari Gerson