UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES INC.**,
d/b/a JET ICU, a Florida corporation,

    Plaintiff,

v.                                                      Case No. 8:24-cv-01604-WFJ-CPT

**CIGNA GLOBAL INSURANCE
COMPANY LIMITED**,

    Defendant.
_____/

## ORDER

Before the Court is Cigna Global Insurance Company Limited's ("Cigna" or the "Defendant") Motion to Dismiss the Third Amended Complaint filed by Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU" or the "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 36. Plaintiff has responded in opposition. Dkt. 38. As explained below, Defendant's motion to dismiss is granted with prejudice.

## BACKGROUND

Plaintiff Jet ICU alleges that on or about June 10, 2022, J.K. ("Patient" or "Patient J.K.") was an insured beneficiary under a health insurance policy provided by Defendant Cigna. Dkt. 34 ¶ 4. On the same day, Plaintiff contends that Patient

suffered a medical injury that required emergency air transportation from St. Thomas, U.S. Virgin Islands to Tampa, Florida. *Id.* ¶¶ 5–7. The treating physician determined immediate air medical transportation was appropriate and necessary for the treatment of Patient's condition. *Id.* ¶ 6.

At the time of the air transportation, Plaintiff did not have a pre-negotiated contract with Cigna, and Plaintiff was not part of Cigna's provider network. *Id.* ¶ 10. Following the transportation of Patient, Plaintiff billed Cigna $418,511 for the ground and air transportation services rendered based on its "usual and customary rate." *Id.* ¶ 7, 12. Cigna only made a partial payment of $2,003.44 for the ground transportation services. *Id.* ¶ 8.

In its Third Amended Complaint ("TAC"),[1] Plaintiff asserts one state law count of quantum meruit. *See* Dkt. 34. In response, Defendant filed the instant motion to dismiss, arguing that the TAC fails to state a claim for breach of implied-in-fact contract and continues to be preempted by the Airline Deregulation Act ("ADA"). Dkt. 36 at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief in order to give the

---

[1] In the Second Amended Complaint (Dkt. 22), Plaintiff alleged that Patient was insured by Connecticut General Life Insurance Company, which Defendant explained was incorrect because the insurer of the healthcare plan covering Patient is Cigna Global Insurance Company Limited. *See* Dkt. 25 at 2. Plaintiff then moved to substitute Cigna Global as the named Defendant and was granted leave to file the Third Amended Complaint. Dkts. 26, 31.

defendant fair notice of the claims and grounds. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

In considering a motion to dismiss, the court must construe the facts in the light most favorable to the Plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. The standard on a Federal Rule of Civil Procedure 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his claims, but whether the allegations are sufficient to allow the case to proceed to discovery in an attempt to prove those claims. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## DISCUSSION

Based on a careful review of the pleadings, the Court grants Cigna's motion to dismiss the TAC. As discussed below, Jet ICU's quantum meruit claim is

preempted under the ADA since the claim fails to properly allege that it arises from an implied-in-fact contract.

Under Florida law, a claim for quantum meruit requires a plaintiff to allege that "the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *Paschen v. B&B Site Dev., Inc.*, 311 So. 3d 39, 48 (Fla. 4th DCA 2021) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999)).

As discussed in the Court's previous Order, Plaintiff's common law claim of quantum meruit can still be preempted by the ADA. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281 (2014). However, the ADA's preemption provision does not prohibit "court enforcement of contract terms set by the parties themselves." *American Airlines v. Wolens*, 513 U.S. 219, 222 (1995). In other words, the "terms and conditions that air carriers offer, and which are accepted, are privately ordered obligations that can be enforced through a breach of contract claim, even if the claim relates to the air carrier's rates, routes, or services." *Worldwide Aircraft Servs., Inc. v. United Healthcare Ins. Co.*, No. 818CV2549T24TGW, 2018 WL 6589838, at *2 (M.D. Fla. Dec. 14, 2018) (citing *Ginsberg*, 572 U.S. at 281); *Wolens*, 513 U.S. 232–33 (recognizing a breach-of-contract exception to ADA preemption).

With this legal background in mind, the Court's prior Order made it clear that Plaintiff must sufficiently allege that its quantum meruit claim is based on a contract implied in fact to survive ADA preemption. Dkt. 18 at 17–20. "A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." *Commerce P'Ship 8098 Ltd. P'Ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997) (en banc); *see also Tipper v. Great Lakes Chemical Co.*, 281 So. 2d 10, 13 (Fla. 1973) ("Express contracts and contracts implied in fact require the assent of the parties, whereas contracts implied in law . . . do not rest upon the assent of the contracting parties."); *Rabon v. Inn of Lake City, Inc.*, 693 So. 2d 1126, 1131 (Fla. 1st DCA 1997) ("In a contract implied in fact the assent of the parties is derived from other circumstances, including their course of dealing or usage of trade or course of performance." (citing Restatement (Second) of Contracts § 4 cmt. b (1982))).

Here, the TCA makes new allegations in an attempt to establish an implied-in-fact contract. *See* Dkt. 34 ¶¶ 19-22. These latest allegations, however, fall short and failed to adequately allege an implied-in-fact contract with Cigna for air ambulance services. Plaintiff alleges that Defendant "is aware that Jet ICU regularly render[s] services to [Defendant's] members" based on 50 prior instances where Jet ICU provided emergency air ambulance services to Cigna members. Dkt. 34 ¶¶ 19-

20. Further, Plaintiff claims Defendant expects Jet ICU to render emergency services and expects to reimburse Jet ICU since Defendant has previously reimbursed over 60% of prior claims. *Id.* While the Court must accept this prior course of dealing as true, Plaintiff fails to allege any "conduct" *in this case*—i.e., for the emergency services rendered to Patient J.K.—that might give rise to an implied contract.

For example, there are no allegations about a pre-authorization for service between the parties or any factual assertions that Jet ICU and Cigna are part of a larger shared savings network. *See Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co.*, 658 F. Supp. 3d 1250, 1261 (S.D. Fla. 2023) (finding the plaintiff adequately alleged an implied-in-fact contract since the defendant was part of the "Three Rivers Provider Network (TRPN)" which is a shared savings network that provides insurers with "negotiated, discounted rate of reimbursement for services," and found "[the] defendant knew or should have known that Plaintiff was a contracted provider with TRPN; the defendant issued a member ID card to Patient representing that Defendant recognizes shared savings networks . . . ; and the defendant preauthorized Plaintiff's provision of services to Patient, approved of Plaintiff providing medical services to Patient, and affirmatively accessed the TRPN shared savings rates"); *Surgery Ctr. of Viera, LLC v. Meritain Health, Inc.*, No. 619CV1694ORL40LRH, 2020 WL 7389987, at *13 (M.D. Fla. June 1, 2020), *report and recommendation adopted*, No. 619CV1694ORL40LRH, 2020 WL 7389447

(M.D. Fla. June 16, 2020) (denying motion to dismiss a quantum meruit claim when the plaintiff and defendant were part of a pre-existing "Preferred Medical Claim Solutions (PMCS)" agreement that secured discounted rates from healthcare providers, and noting the plaintiff sufficiently alleged it had entered into an implied contract "by virtue of the terms of the PMCS contract" and expected to be compensated "at the 80% rate listed in the PMCS contract").

Nor does the TAC contain any allegations of oral or written communications between the parties that suggest the existence of an implied contract. *Baycare Health Sys., Inc. v. Med. Sav. Ins. Co.*, No. 8:07-CV-1222-T-27TGW, 2008 WL 792061, at *8 (M.D. Fla. Mar. 25, 2008) (denying motion to dismiss an implied-in-fact contract claim when the plaintiff sufficiently alleged that "the parties understood that the purpose of [prior] communications was to determine whether the defendant would pay the plaintiff for [medical] services"). Even if there were oral communications about verification of coverage, other district courts have already held such verification of coverage communications (standing alone) are "insufficient to form the basis of any agreement to pay—whether implied or express." *RMP Enterprises, LLC v. Connecticut General Life Insurance Co.*, 2018 WL 6110998, at *8 (S.D. Fla. Nov. 21, 2018); *see also Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 2020 WL 3547047, at *8 (S.D. Fla. June 30, 2020) ("Chiron has alleged that

7

routine course of dealing and routine coverage verification formed a contract, but this is a proposition solidly rejected by courts throughout the country[.]").

At bottom, no implied-in-fact contract can be inferred from the parties' alleged conduct. Without more, Cigna's partial reimbursement of Jet ICU's claim suggests contracts between Cigna and its insured member (Patient J.K.), not between Cigna and Jet ICU. *See Abira Med. Labs., LLC v. Blue Cross Blue Shield of Florida, Inc.*, No. 3:23-CV-1092-TJC-SJH, 2024 WL 3965733, at *2 (M.D. Fla. Aug. 28, 2024). Thus, Jet ICU's quantum meruit claim is still preempted as pled since Plaintiff has not properly alleged whether it is making an implied-in-fact contract claim or a preempted implied-in-law claim.

## CONCLUSION

Because Plaintiff had fair notice of the defects in the initial Complaint and a meaningful opportunity to fix them, Plaintiff's failure to do so permits dismissal with prejudice. *See Lennen v. Marriott Ownership Resorts, Inc.*, 2021 WL 5834264, at *12 (11th Cir. Dec. 9, 2021) ("After . . . one opportunity to replead comes and goes, the district court may dismiss with prejudice if the party has still not filed a compliant pleading."). Dismissal with prejudice is the proper remedy here because Plaintiff made no improvements on the initial Complaint, which makes it unlikely that further amendments will get it past the pleading stage. *See id.* at *13 (affirming dismissal with prejudice and holding that plaintiffs were not entitled to a second opportunity

to amend even when the pleading defects identified in the initial complaint differed somewhat from the pleading defects identified in the amended complaint); *Worldspan Marine Inc. v. Comerica Bank*, No. 20-11646, 2021 WL 5882006, at *2 (11th Cir. Dec. 13, 2021) (affirming dismissal with prejudice when the amended complaint "contained relatively few improvements"). Indeed, the Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor [has the Circuit Court] concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. Appx. 925, 930 (11th Cir. 2016).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss, Dkt. 36, is **GRANTED.**
2. Plaintiff's Third Amended Complaint, Dkt. 34, is **DISMISSED** with prejudice.
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on February 13, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**